# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EDWARD JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 14-0530 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Kenneth Edward Jones ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff could perform alternative work (*see* Joint Stip. at 5-13); and

    2.    Whether the ALJ properly rejected Plaintiff's credibility (*see id.* at 5, 13-23, 26).

The Court addresses Plaintiff's contentions below, and finds that reversal is not

warranted.

### A. The ALJ Properly Determined that Plaintiff Could Perform Alternative Work

Plaintiff first contends that the ALJ erroneously determined at step five of his evaluation that, based on a Vocational Expert's ("VE")'s testimony, Plaintiff could work as an office helper, cashier, and ticket seller. (*See id.* at 5-13.) Specifically, Plaintiff contends that the ALJ's residual functional capacity ("RFC") finding – that Plaintiff is limited to standing/walking for four hours – conflicted with the six-hour standing/walking requirement of the jobs identified by the VE and the ALJ, as those jobs are described in both the Dictionary of Occupational Titles ("DOT") and the Commissioner's Social Security Ruling ("SSR") 83-10. (*See id.* at 10-13.)

For the reasons outlined below, Plaintiff is mistaken.

#### 1. No Conflict Between Plaintiff's RFC and the DOT

Preliminarily, there is no conflict between Plaintiff's RFC and the DOT, for two reasons.

First, there is no alleged six-hour limitation in the jobs identified by the VE and the ALJ. Rather, the DOT code for each job merely states that such job should be rated as light work if "it requires walking or standing to a significant degree." *See* DOT Nos. 211.462-010, 1991 WL 671840; 211.467-030, 1991 WL 671853; 239.567-010, 1991 WL 672232; *see also Devore v. Comm'r of Soc. Sec.*, 2015 WL 3756328, at *4 (E.D. Cal. June 16, 2015) (claimant's four-hour standing/walking limitation did not conflict with cashier and ticket seller job requirements).

Second, the ALJ specifically included the four-hour standing/walking limitation in his hypothetical to the VE. The VE took this limitation into account and testified that while the limitation reduced the number of the identified DOT code jobs available

to Plaintiff, Plaintiff could still perform a significant number of jobs in the economy. (AR at 68-70); *see Migliore v. Colvin*, 2013 WL 3935879, at *2 (C.D. Cal. July 29, 2013) ("Plaintiff's inability to stand and walk for more than four hours a day an hour at a time limits the number of light jobs he can perform, but it does not categorically exclude him from performing all light work"). Such testimony is substantial evidence supporting the ALJ's determination. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001); *Migliore*, 2013 WL 3935879, at *2.

    2.    <u>No Conflict Between Plaintiff's RFC and SSR 83-10</u>

Additionally, there is no conflict between Plaintiff's RFC and SSR 83-10, for three reasons.

First, SSR 83-10's six-hour standing/walking requirement applies to only a *full* range of light work.[1] Here, the ALJ found that Plaintiff had the RFC to perform a *limited* range of light work. (AR at 29); *see Jones v. Colvin*, 2014 WL 657914, at *7 (C.D. Cal. Feb. 19, 2014) (four-hour standing/walking limitation did not conflict with SSR 83-10 because ALJ did not determine that Plaintiff could perform a full range of light work, but simply a range of light work).

Second, Plaintiff's four-hour limitation falls within the "frequent" activity range described by SSR 83-10.[2] (AR at 29); *see Jones*, 2014 WL 657914, at *7 (four-hour standing/walking limitation did not conflict with SSR 83-10's "frequent" definition because it fell within the "one-third" and "two-thirds" range); *Roybal v. Colvin*, 2013

---

[1] SSR 83-10 specifies that light work requires "frequent lifting and carrying of objects weighing up to 10 pounds," and "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the *full range* of light work requires standing or walking, off and on, for a total of approximately 6 hours out of an 8-hour workday." SSR 83-10 (emphasis added), 1983 WL 31251, at *5-6; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] SSR 83-10 defines "frequent" as "occurring more than one-third to two-thirds of the time." SSR 83-10, 1983 WL 31251, at *6.

3

WL 4768033, at *15 (C.D. Cal. Sept. 4, 2013) ("the ALJ's RFC . . . limitation to 4 hours of standing or walking fits comfortably into the range of frequent activity for light jobs").

Third, contrary to Plaintiff's assertion, SSR 83-10 recognizes that not all light work jobs require standing or walking for six hours.[3] *See Jones*, 2014 WL 657914, at *7; *Devore*, 2015 WL 3756328, at *4.

Accordingly, the ALJ Properly determined at step five that Plaintiff could perform alternative work.

B.  The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff next contends that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 5, 13-23, 26.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

Here, the ALJ provided at least five valid reasons for rejecting Plaintiff's credibility.

First, Plaintiff's daily activities – including being able to eat, dress, and bathe independently, as well as being able to complete household chores, shop, and cook – are inconsistent with his allegation of complete disability. (AR at 30, 305); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with claim of disabling pain,

---

[3] "A job is also in [the light work] category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls . . ." SSR 83-10, 1983 WL 31251, at *5.

including claimant's ability care for personal needs, perform routine household chores, and shop).

Second, Plaintiff's allegations of disabling pain conflicted with observations by a claims representative – during a lengthy, in-person interview – that Plaintiff had (1) "normal appearance and behavior" and (2) no physical or mental problems besides difficulty sitting and standing. (AR at 30, 153); see *Valenzuela v. Astrue*, 2012 WL 5456465, at *10 (C.D. Cal. Nov. 6, 2012) (ALJ properly relied on claims representative's observation that claimant's only apparent difficulties seemed to be standing and walking); SSR 96-7p ("[t]he adjudicator must also consider any observations about the individual recorded by Social Security Administration employees during interviews, whether in person or by telephone").

Third, Plaintiff responded favorably to a conservative treatment of physical therapy, home exercises, and medication. (AR at 31-32, 55-56 (Plaintiff's administrative hearing testimony that he elected to "stay on [his] medication" rather than pursue more aggressive forms of treatment, such as surgery), 61, 158, 178, 191, 196-98, 200, 205, 215, 269, 271-72, 290, 322); see *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication).

Fourth, the ALJ observed that Plaintiff donned a cane at the administrative hearing, but there was no evidence that Plaintiff had used a cane at his prior examinations.[4] (*See* AR at 31, 53-54 (Plaintiff's testimony that he used cane daily for years even though it was never prescribed by a doctor), 274 (consultative orthopedic evaluation concluding that Plaintiff "does not require the use of an ambulatory

---

[4] The ALJ further noted that there was no mention until 2011 – five years into the alleged disability period – that Plaintiff used *any* assistive device, here a back brace. (AR at 31, 55, 142, 285.)

device"), 293 (same), 304); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ properly discredited subjective testimony because claimant "used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk"); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("ALJ's personal observations may be used . . . in the overall evaluation of the credibility of [a claimant's] statements" (internal quotation marks omitted)).

Fifth, there are no treatment records showing that Plaintiff had spinal spasms from 2008 to 2011. (AR at 31, 47, 63, 254, 257, 260, 285, 287, 290, 324, 326-27, 329); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly relied on three- to four- month treatment gap in partially discrediting claimant's testimony).

Thus, the ALJ properly discounted Plaintiff's credibility.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 6-29-2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Report and Recommendation is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

6